# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 17-1801V
(Not to be published)

```
* * * * * * * * * * * * * * * * * * * * * * * *
ELIZABETH TETER,                    *
on behalf of her daughter, S.T.,    *      Special Master Oler
                                    *
                                    *      Filed: October 25, 2018
              Petitioner,           *
         v.                         *      Petitioner's Motion for a Decision;
                                    *      Dismissal of Petition; Vaccine
SECRETARY OF HEALTH                 *      Act; Denial Without Hearing.
AND HUMAN SERVICES,                 *
                                    *
              Respondent.           *
* * * * * * * * * * * * * * * * * * * * * * * *
```

*William Cochran, Jr.*, Black McLaren Jones Ryland & Griffe, P.C., Memphis, TN, for Petitioner.

*Claudia Gangi*, U.S. Dep't of Justice, Washington, D.C. for Respondent.

**DECISION DISMISSING CASE FOR INSUFFICIENT PROOF[1]**

On November 16, 2017, Elizabeth Teter filed a petition on behalf of her minor daughter, S.T., seeking compensation under the National Vaccine Injury Compensation Program,[2] alleging that S.T. suffered from "epilepsy, seizures, developmental regression and delay, and hypotonia" as a result of her diphtheria, tetanus, and pertussis ("DTaP"), Haemophilus influenzae type B

---

[1] Although this Decision has been formally designated "not to be published," it will nevertheless be posted on the Court of Federal Claims's website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). **This means the ruling will be available to anyone with access to the internet**. As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the Decision in its present form will be available. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

("Hib"), inactivated polio vaccine ("IPV"), Pneumococcal-13, and Rotavirus vaccinations administered on November 24, 2014.[3]  Petition at 1, ECF No. 1.

On November 30, 2017, Petitioner concurrently filed numerous medical records (Exs. 1-14, ECF Nos. 6-7) and a statement of completion indicating that all relevant medical records had been filed (ECF No. 8).  Respondent thereafter filed a Rule 4(c) Report on June 25, 2018, stating that this case is not appropriate for compensation, and that the petition should be dismissed.  ECF No. 17 at 13.  On that same date, I issued a scheduling order requiring Petitioner to file an expert report by August 24, 2018.  *See* non-PDF Scheduling Order of 6/25/2018.  Petitioner subsequently requested an extension of time (ECF No. 20), which I granted (*see* non-PDF Scheduling Order of 8/24/2018).

On October 24, 2018, in lieu of filing an expert report, Petitioner filed her present motion to voluntarily dismiss this case.  Motion to Dismiss, ECF No. 21.  In that Motion, Petitioner indicates that she "has been unable to secure evidence to prove entitlement to compensation" (*id*. at 1), and thus "moves for a decision dismissing the petition" (*id*. at 2).  Petitioner's Motion also states that Respondent does not oppose this course of action.  *Id*. at 2.

To receive compensation under the Vaccine Program, Petitioner must prove either (1) that S.T. suffered a "Table Injury" -- *i.e*., an injury falling within the Vaccine Injury Table -- corresponding to one of her vaccinations, or (2) that she suffered an injury that was actually caused by a vaccine.  *See* Sections 13(a)(1)(A) and 11(c)(1).  Moreover, under the Vaccine Act, a petitioner may not receive a Vaccine Program award based solely on her claims alone.  Rather, the petition must be supported by either medical records or by the opinion of a competent medical expert.  Section 13(a)(1).  In this case, however, there is insufficient evidence in the record for Petitioner to meet her burden of proof.  Petitioner's claim therefore cannot succeed and must be dismissed.  Section 11(c)(1)(A).

**Thus, this case is dismissed for insufficient proof.  The Clerk shall enter judgment accordingly.**

**IT IS SO ORDERED.**

<u>s/ Katherine E. Oler</u>
Katherine E. Oler
Special Master

---

[3] This case was initially assigned to Special Master Millman (ECF No. 4), and reassigned to my docket on January 10, 2018 (ECF No. 10-11).