# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: May 17, 2019

```
* * * * * * * * * * * * *
ELIZABETH TETER,                *
on behalf of her daughter, S.T., *
                                *
      Petitioner,               *    No. 17-1801V
                                *    Special Master Oler
v.                              *
                                *    Attorneys' Fees and Costs
SECRETARY OF HEALTH             *
AND HUMAN SERVICES,             *
                                *
      Respondent.               *
* * * * * * * * * * * * *
```

*William E. Cochran, Jr.*, Black McLaren, et al., PC, Memphis, TN, for Petitioner.
*Claudia B. Gangi*, United States Department of Justice, Washington, DC, for Respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

On November 16, 2017, Elizabeth Teter ("petitioner") filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program on behalf of her minor daughter, S.T.[2] 42 U.S.C. §§ 300aa-10 to -34 (2012). Petitioner alleged that S.T. suffered from "epilepsy, seizures, developmental regression and delay, and hypotonia" as a result of her diphtheria, tetanus, and pertussis ("DTaP"), Haemophilus influenzae type B ("Hib"), inactivated polio vaccine ("IPV"), Pneumococcal-13, and Rotavirus vaccinations administered on November 24, 2014. *See* Petition, ECF No. 1. On October 24, 2018, petitioner filed an unopposed motion for a decision dismissing her petition, and on October 25, 2018, the undersigned issued her Decision dismissing

---

[1] The undersigned intends to post this Ruling on the United States Court of Federal Claims' website. **This means the ruling will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755.

the petition for insufficient proof. Decision, ECF No. 22.

On February 12, 2019, Petitioner filed an application for final attorneys' fees and costs. ECF No. 27 ("Fees App."). Petitioner requests total attorneys' fees and costs in the amount of $32,280.23, representing $28,368.00 in attorneys' fees and $3,912.23 in attorneys' costs. Fees App at 11. Pursuant to General Order No. 9, Petitioner has indicated that she has not personally incurred any costs in pursuit of this litigation. *Id.* at 5. Respondent responded to the motion on February 28, 2019, stating that "Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case" and requesting that the undersigned "exercise her discretion and determine a reasonable award for attorneys' fees and costs." Resp't's Resp. at 2-3. ECF No. 28. Petitioner did not file a reply thereafter.

This matter is now ripe for consideration.

**I.    Reasonable Attorneys' Fees and Costs**

Section 15(e) (1) of the Vaccine Act allows for the Special Master to award "reasonable attorneys' fees, and other costs." § 300aa–15(e)(1)(A)–(B). Petitioners are entitled to an award of reasonable attorneys' fees and costs if they are entitled to compensation under the Vaccine Act, or, even if they are unsuccessful, they are eligible so long as the Special Master finds that the petition was filed in good faith and with a reasonable basis. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008). Here, the undersigned does not doubt that the petition was filed in good faith, and although the petition was eventually dismissed, the undersigned finds that there was reasonable basis to file the petition. Respondent has also not challenged the reasonable basis of the petition. Accordingly, a final award of fees is appropriate.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521–22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991). ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316–18 (2008).

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. *See Blum v. Stenson*, 465 U.S. 886, 895 (1984). The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 895, n.11. The petitioner bears the burden of providing adequate evidence to prove that the requested hourly rate is reasonable. *Id.*

   a.   **Reasonable Hourly Rates**

Petitioner requests the following rates of compensation for the work of her attorneys: for Mr. William Cochran, Jr., $365.00 per hour for work performed in 2017, $377.00 per hour for work performed in 2018, and $391.00 per hour for work performed in 2019; for Mr. Michael McLaren, $440.00 per hour for work performed in 2017, $456.00 per hour for work performed in

2018, and $473.00 per hour for work performed in 2019; and for Mr. Chris Webb, $315.00 per hour for work performed in 2017, $326.00 per hour for work performed in 2018, and $338.00 per hour for work performed in 2019. Fees App. at 11.

The rates requested for Mr. Cochran and Mr. Webb are reasonable and shall be awarded. However, Mr. McLaren's rates for 2018 and 2019 must be reduced because they exceed the maximum amount prescribed by the OSM Attorneys' Forum Hourly Rate Fee Schedules for 2018 and 2019.[3] Accordingly, the undersigned finds that a reasonable rate for Mr. McLaren's work in 2018 is $455.00 per hour and a reasonable rate for his work in 2019 is $464.00 per hour. The billing records indicate that Mr. McLaren performed 0.8 hours of work in 2018 and did not bill any time in 2019. Accordingly, the request for fees shall be reduced by **$0.80**.

### b. Reasonable Hours Expended

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton*, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). Additionally, it is well-established that billing for administrative/clerical tasks is not permitted in the Vaccine Program. *Rochester v. United States*, 18 Cl. Ct. 379, 387 (1989); *Arranga v. Sec'y of Health & Human Servs.*, No. 02-1616V, 2018 WL 2224959, at *3 (Fed. Cl. Spec. Mstr. Apr. 12, 2018).

The undersigned has reviewed the submitted billing entries and finds that a small reduction must be made to paralegal/law clerk hours billed. Paralegals routinely billed for administrative/clerical tasks, such as scanning and preparing documents and processing invoices for payment of medical records. *See generally* Fees App. 3-17 (e.g., entires on 6/13/17 and 8/15/17 as examples). The undersigned will therefore reduce the total time billed by paralegals by 5%. The billing records indicate that paralegals billed 51.3 hours for a total of $7,690.10. Fees App. at 17-18. Accordingly, this results in a reduction of **$384.50**.

The undersigned also will not compensate petitioner for any of the time billed by Mr. Webb. In total, Mr. Webb billed 0.6 hours across two entries, indicating that he was not substantially involved with this case at any point. The first entry, on 3/13/17 for "Review client background research" overlaps with work already performed by Mr. Cochran, the lead attorney for this case. Fees App. at 2. The second entry on 3/5/18 is for "Develop strategy and plan of action regarding continued extension requests we are seeing in all cases" and appears to be related to a larger firm-wide strategy rather than this particular case and is thus not appropriately billed to this case. Fees App. at 13. This results in a reduction of **$191.20**. Petitioner is thus entitled to final attorneys' fees of **$27,791.50**.

### c. Attorneys' Costs

---

[3] The 2018 Fee Schedule is available at:
http://www.cofc.uscourts.gov/sites/default/files/Attorneys%27%20Forum%20Rate%20Fee%20Schedule%202018.pdf. The 2019 Fee Schedule is available at:
http://www.cofc.uscourts.gov/sites/default/files/Attorneys%27%20Forum%20Rate%20Fee%20Schedule%202019.pdf.

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests a total of $3,912.23 in attorneys' costs. This amount consists of acquiring medical records, postage charges, the Court's filing fee, and a retainer paid to Dr. Marcel Kinsbourne for review of medical records. Fees App. at 18. Petitioner has provided adequate documentation of all these expenses and all are reasonable in the undersigned's experience. Accordingly, the requested costs shall be awarded in full.

## II. Conclusion

In accordance with the Vaccine Act, 42 U.S.C. § 300aa-15(e) (2012), the undersigned has reviewed the billing records and costs in this case and finds that Petitioner's request for fees and costs, other than the reductions noted above, is reasonable. Based on the above analysis, the undersigned finds that it is reasonable to compensate petitioner and her counsel as follows:

| Attorneys' Fees Requested | $28,368.00 |
|---|---|
| (Reduction to Rates) | ($0.80) |
| (Reduction to Total Hours) | ($575.70) |
| **Total Attorneys' Fees Awarded** | **$27,791.50** |
| | |
| Attorneys' Costs Requested | $3,912.23 |
| (Reduction of Costs) | - |
| **Total Attorneys' Costs Awarded** | **$3,912.23** |
| | |
| **Total Amount Awarded** | **$31,703.73** |

**Accordingly, the undersigned awards a lump sum in the amount of $31,703.73, representing reimbursement for reasonable attorneys' fees and costs, in the form of a check payable jointly to petitioner and petitioner's counsel of record, Mr. William E. Cochran, Jr.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

<u>s/Katherine E. Oler</u>
Katherine E. Oler
Special Master

---

[4] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).